**MIMCO INCORPORATED, Plaintiff,**

v.

**VIRGINIA IRON & METAL RECYCLING, INC., Defendant.**

No. C–1–93–0187.

United States District Court, S.D. Ohio, W.D.

Dec. 7, 1993.

**1172**

Robert Alexander Pitcairn, Jr., Katz, Teller, Brant & Hild Co., Cincinnati, OH, for plaintiff.

Karla J. Markley, Helmer, Lugbill, Martins & Neff, Cincinnati, OH, for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND STAYING CASE

SPIEGEL, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss (doc. 5), Plaintiff's Memorandum in Opposition (doc. 8) and Defendant's Reply Memorandum to Dismiss or Alternatively to Transfer (doc. 12).

### BACKGROUND

The Plaintiff, Mimco Incorporated ("Mimco"), is an Ohio corporation, with its principal place of business in Cincinnati. The Defendant, Virginia Iron & Metal Recycling, Inc. ("Virginia Iron"), is a corporation incorporated and with its principal place of business in Portsmouth, Virginia. Virginia Iron is a subsidiary of Non Ferrous Metals (USA), Inc.

which in turn is apparently a subsidiary of China National Import/Export Company of Beijing, China. The dispute between these parties arose out of a series of transactions to buy and sell scrap copper. Virginia Iron apparently purchased large quantities of scrap copper through Mimco. In a typical transaction Virginia Iron sent a purchase order to Mimco at Mimco's place of business in Ohio. In response, Mimco located scrap copper as requested in the order, usually in Europe. Mimco would cause the scrap copper to be loaded on ships, and caused bills of lading for the ships's containers to be prepared and sent to its depository bank, the Central Trust Bank in Cincinnati. Mimco then made payment to Central Trust and the bank would send the bills of lading on to Virginia Iron in Virginia. Upon receipt of those bills of lading from Central Trust, Virginia Iron sent payment to Mimco in Ohio. Virginia Iron would then send the bills of lading to the destination port of the carrier ship somewhere in China.

Both parties have indicated a desire to resolve this dispute through arbitration, but disagreement remains concerning the location of arbitration and the arbitrators to be employed. In addition, the Defendants have filed a lawsuit in United States District Court for the Southern District of New York arising out of at least some of the same issues.

### STANDARD OF REVIEW

■ The Plaintiff has the burden of establishing that the court has personal jurisdiction by the preponderance of the evidence. *American Greeting Corp. v. Cohn*, 839 F.2d 1164, 1168 (6th Cir.1988). However, if the district court determines to decide the issue solely on the basis of written materials, the plaintiff need only make a prima facie case of jurisdiction. *Id.* Under these circumstances the plaintiff need only demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss. *Id.* at 1168–69.

### ANALYSIS

■ For a court to properly exercise personal jurisdiction over an out of state defendant, the court must first determine whether the exercise of personal jurisdiction is permitted under the long arm statute of the forum state. *In–Flight Devices Corp. v. VanDusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir.1972), *see also Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). If so, the court must also determine whether the extension of such jurisdiction violates notions of fair play encompassed by the due process clause of the Fourteenth Amendment. *In–Flight Devices*, 466 F.2d at 224. *See also International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Sixth Circuit Court of Appeals has simplified this inquiry by determining that "the Ohio legislature intended to extend the jurisdiction of its courts to the Constitutional limits . . . ." *In–Flight Devices*, 466 F.2d at 224.

■ The Sixth Circuit has developed an approach to the application of the Ohio long arm statute which is consistent with the due process analysis of *International Shoe*. *Priess v. Fisherfolk*, 535 F.Supp. 1271, 1273 (1982). In reaching the decision on fair play and substantial justice the Sixth Circuit has established a three part test. First the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing a consequence in the forum state. Next, the cause of action must arise from the defendant's contact with the forum state. Third, the defendant's activities or consequences must have substantial connection with the forum state so as to make the exercise of jurisdiction over defendant reasonable. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

■ The first prong of the Sixth Circuit's test for personal jurisdiction is the requirement that the defendant purposefully avail himself of the privilege of acting in the forum state. *Southern Machine*, 401 F.2d at 381. That requirement is met if the defendant should have reasonably foreseen that the transaction would have consequences in that state. *Id.* at 381–82. The Plaintiff has presented evidence of a continual course of

business between Mimco and Virginia Iron through purchase orders, bills of lading and cash transferred through an Ohio bank. The nature and magnitude of their transactions should have caused the Defendant to foresee that the transactions would have significant consequences in Ohio.

■ The second prong of the *Southern Machine* test requires that the action must arise from the defendant's contact within the forum state. 401 F.2d at 374. The Ohio long arm statute provides that a court may exercise personal jurisdiction over one who acts directly or by an agent as to a cause of action arising from that person's "[t]ransacting any business in this state; ...." Ohio Rev.Code § 2307.382. Business is transacted in a state when business operations set in motion by the defendant or obligations created by the defendant have a "realistic impact" on the commerce of that state. *Southern Machine*, 401 F.2d at 382. The Plaintiff, Mimco, has demonstrated facts which would support the Court's concluding that both business conducted by Virginia Iron and obligations created by Virginia Iron have had a realistic impact on the commerce of Ohio. Virginia Iron and Mimco successfully negotiated deals worth hundreds of thousands of dollars which flowed through an Ohio bank. Furthermore, Mimco's claims of loss constitute an obligation with serious impact on Ohio commerce. Therefore, the Plaintiff has met the statutory requirement of the Ohio long arm statute under Section 2307.382(A). Furthermore, the Plaintiff's claims arise from these business transactions and so the second prong of the *Southern Machine* test is met. *See* 401 F.2d at 381.

■ Once the first two elements of a prima facie case have been established under the *Southern Machine* analysis, the final ele-

ment can be resolved by deciding whether Ohio has an interest in resolving the conflict. *Id.* at 384. Certainly, any state has an interest in resolving a contract dispute between one of its citizens and a non-resident involving substantial business transactions, especially when they are funneled through an Ohio bank. Virginia Iron offers a list of non-contacts with Ohio.[1] However, the Sixth Circuit has specifically rejected the necessity of either physical presence, presence of a corporate agent, solicitation of business or location of contracting within the state as a requirement for exerting personal jurisdiction. *Id.* at 382. In this age of negotiating and contracting by telex, teleconferencing, fax and express mail as well as payment by wire transfer, businesses transact billions of dollars worth of commerce electronically, with no physical presence in a state. Under the circumstances of this case at least, it is reasonable to consider these dealings to constitute "transacting business" within the meaning of the Ohio long arm statute and sufficient minimum contacts to satisfy the Defendant's due process rights under the Fourteenth Amendment of the United States Constitution.

## CONCLUSION

■ For the foregoing reasons the Court finds that the Plaintiff has met its burden of demonstrating facts which support a prima facie finding of jurisdiction. *See American Greeting Corp. v. Cohn*, 839 F.2d 1164, 1168–69. In doing so the Court makes no judgement concerning the merits of the parties' claims. Furthermore, the issue of personal jurisdiction may be raised again at the trial on the merits, after complete discovery, where further factual issues may be argued and where the Plaintiff bears the burden of proving personal jurisdiction by a preponder-

1. Virginia Iron argues that VIMR has no employees, officers or agents in Ohio, and neither owns nor rents any real property or personal property in Ohio. VIMR maintains no books, records or bank accounts in Ohio, and is not listed in any telephone directory in Ohio. VIMR does not solicit business nor advertise in Ohio. VIMR does not employ any salesmen, solicit any orders, make any sales or conduct or conduct any shipping activities in Ohio. VIMR is not registered or authorized to do business in Ohio and has no registered agent for service of process in Ohio. None of VIMR's officers or employees regularly travel to Ohio in connection with its business. In fact, no officers or representatives of VIMR ever travelled to Ohio in connection with its business with Mimco (except on one occasion unrelated to the instant action). The contract between VIMR and Mimco was neither negotiated nor executed by VIMR in Ohio. Defendant's Motion to Dismiss at 11–12.

ance of the evidence. *Id.* at 1168. Accordingly, the Plaintiff's Motion to Dismiss is denied. Furthermore, to avoid judicial duplication, this Court stays proceedings in· this case until the disposition of Plaintiff Mimco's Motion to Dismiss in litigation involving the issues in this dispute pending before the United States District Court for the Southern District of New York. Defendant's Motion to Transfer will be reconsidered at that time, if necessary.

SO ORDERED.